UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JLM COUTURE, INC.

                                    Plaintiff,                    Civil Action No.

            -against-
                                                                 **COMPLAINT**

MORI LEE, LLC.

                                    Defendants.
-----------------------------------------------------------------

Plaintiff JLM Couture, Inc. ("JLM"), as and for its Complaint against Defendant, Mori
Lee, LLC ("Defendant") avers as follows:

## NATURE OF THE ACTION

1.      This is an action to enjoin and collect damages stemming from Defendant's acts of
trade dress infringement and unfair competition under the Lanham Act, as amended 15 U.S.C. §
1125 *et. Seq.;* for trade dress infringement, unfair competition and dilution in violation of the
laws of the State of New York.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338
and 1367.  JLM's claims are predicated upon the Lanham Trademark Act of 1946, as amended,
15 U.S.C. §1125 *et seq.,* and substantial and related claims under the statutory and common law
of the State of New York, including New York General Business Law §360.  Venue is properly
founded in this district pursuant to 28 U.S.C. §§ 1391 (b)(2) and (c)(2).

## THE PARTIES

3.      Plaintiff, JLM, is a publically traded corporation formed and existing under the
laws of the state of Delaware, with its principal place of business at 225 West 37th Street,  New
York, New York 10018.  JLM was formed in 1986 as Jim Hjelm's Private Collection, Ltd.

1

The company's name was changed to JLM in 1997.

4.      Defendant Mori Lee, LLC ("Mori Lee"), upon information and belief, is a limited liability company, organized and existing under the laws of the State of Delaware. Mori Lee sells its products throughout the United States, including in New York State.

## BACKGROUND

5.      JLM is a prominent designer and manufacturer of high-end and/or "couture" wedding gowns, bridesmaid dresses and evening wear.

6.      JLM's high quality bridesmaid dresses, bridal party fashions and evening wear are marketed and sold under the brands: JIM HJELM, LAZARO, TARA KEELY, ALVINA VALENTA, HAYLEY PAIGE, BLUSH BY HAYLEY PAIGE, OCCASIONS BY HAYLEY PAIGE, ALLISON WEBB and TI ADORA BY ALLISON WEBB.

7.      JLM's collections are well known, highly-regarded leaders in the bridal market, with annual sales exceeding $20,000,000.

8.      HAYLEY PAIGE gowns are assembled in the United States and marketed and sold through carefully selected specialty retailers and fine department stores throughout the United States and the world.

## JLM'S HAYLEY PAIGE COLLECTION

9.      HAYLEY PAIGE is a designer of several of JLM's brands. She is widely recognized as one of the most innovative young designers in bridal fashions industry today.

10.     Long prior to the acts complained of herein, in 2012, through its HAYLEY PAIGE collections, JLM introduced to the industry the Decklyn, Keaton and Guindon bridal gowns.

11.     By virtue of outstanding quality, distinctive appearance and an extensive

2

marketing campaign, these three gowns were quickly in demand at high end retail bridal establishments throughout the United States, Europe and Asia.

12.     Decklyn is carried in 127 establishments in the U.S. Guindon appears in over 80 domestic retailers. All three gowns are also sold internationally, appearing in dozens of stores abroad.

13.     While the designs of each gown were/are different, all three gowns incorporate a particular pattern of a repeating horizontal stripe of alternating fabric and widths of 3/4" and 5/8" on a silk, organza tiered gown (the "JLM Stripe"). Attached as Exhibit A are photos of the Hayley Paige Collection incorporating the JLM Stripe.

14.     Upon information and belief, at the time of its introduction into the market in 2012, there was nothing else like the JLM Stripe. The striped gowns became best sellers and contributed to the surging popularity of JLM's Hayley Paige collections.

15.     Long prior to the acts complained of herein, the Decklyn, Guindon and Keaton gowns had been featured by elite bridal publications, such as *The Knot, Martha Stewart Weddings* and *Town & Country Weddings*. Most notably, Decklyn was featured on the cover of *Brides* Magazine; coveted exposure in the industry. (Exhibit B).

16.     The gowns have been featured in national television shows, including the popular series "Say Yes to the Dress."

17.     JLM has spent millions of dollars developing these brands and has expended many hundreds of thousands of dollars on magazine ads, social media coverage promoting these gowns and the JLM Stripe.

18.     Retail sales of the Decklyn alone are approximately $2,000,000. Retail sales for the Hayley Paige collections incorporating the JLM Stripe exceed $6,000,000.

3

19.    On or about September 8, 2017, JLM submitted an application to the United States Patent and Trademark Office to register the JLM Stripe for trademark protection. (Ser. No.87/599, 962 in the name of JLM Couture, Inc., File NO. 3058-554)

20.    Long prior to the acts complained of herein, JLM Stripe had been used in commerce and become a signature feature of Hayley Paige's gowns, identifying the origin of such designs as being JLM's Hayley Paige Collection.

21.    The overall appearance of the design, particularly of the Decklyn, taken in context with certain other features of the Hayley Paige gowns, create an appearance and impression that is unmistakably the work of Hayley Paige and JLM.

22.    As a result of JLM's multi-million dollar investment in designing, producing, promoting and distributing the Hayley Paige brands, the gowns sold under that brand are identified in the industry and by the consuming public, for a distinctive look, character and quality associated exclusively with Hayley Paige.

23.    The Hayley Page designs and/or specific elements of those designs, are entirely novel and unique in the industry, distinguishing them from the dresses of others in the industry.

## DEFENDANT'S UNLAWFUL INFRINGEMENT

24.    The Hayley Paige Decklyn gown incorporates the signature JLM Stripe as well as a unique combination of other design elements including deep and distinctive arm cut-outs, a draping, tiered full skirt, and a plunging V-shaped back. ("Trade Dress") (Exhibit C).

25.    The Decklyn gown is among JLM's best-selling gowns. Its overall appearance, characterized by its shape, design and signature JLM Stripe, are distinctive and have become associated with Hayley Paige and JLM within the marketplace. This Decklyn gown has helped solidify Hayley Paige's reputation as an innovative young talent in the bridal industry.

4

26.     Upon information and belief, commencing on or about March of 2017, approximately five (5) years after JLM introduced the Decklyn, Defendant, MORI LEE, began marketing and selling its significantly lower priced *Milly* dress.

27.     The *Milly* incorporates a stripe virtually identical to JLM's Stripe. (Attached as Exhibit D is a comparison of the two stripes).

28.     The *Milly* copies not only the Decklyn's fabric and signature stripe, but the neckline, the draping tiered skirt, the arm cutouts and plunging back. The two garments presented in the attached photos are seemingly identical.

29.     The infringing *Milly* dress is deliberately designed to imitate the overall look and appearance of the Decklyn gown.

30.     Upon information and belief, the *Milly* retails for less than half the price of the Decklyn (or other gowns in the Hayley Paige Collection).

## CONFUSION IN THE MARKETPLACE AND DAMAGE TO JLM'S TRADEMARKS

31.     The Decklyn and the Milly, are sold into the same market, to wit: brides-to-be and the retail establishments that act as distributors of the collections.

32.     Defendant's *Milly* dress is already being featured in the bridal markets side by side with Hayley Paige's Decklyn gown.

33.     The presence in the market of another garment using this distinctive combination of features has already caused actual confusion amongst consumers, and is likely to cause future confusion in the marketplace as to the origin of the garments.  (See the "Instagram" post attached as Exhibit E showing actual confusion as to the designer of the posted garment).

34.     JLM became aware of the *Milly* upon receipt of an exchange between retailers,

confirming confusion in the marketplace relative to JLM's Decklyn gown and Mori Lee's *Milly* dress.

35.     Irreparable damage to JLM's brand will be caused by the likelihood that retailers, which have not previously been given access to JLM's Hayley Paige brands, including internet retailers, will now buy Defendant's knock off garments, seeking to capitalize on JLM's reputation.

36.     The existence of garments using the Decklyn design and/or the JLM Stripe necessarily result in the dilution of JLM's valuable Hayley Paige brand.

37.     Defendant's attempt to capitalize on the success and goodwill associated with JLM's genuine goods adds to the confusion now occurring in the marketplace, and would further diminish JLM's good will in its Hayley Paige brands and the JLM Stripe, cannibalize JLM's sales, and damage JLM's relationships with its retailers and/or customers.

## FIRST CLAIM FOR RELIEF
### FEDERAL TRADE DRESS INFRINGEMENT
### (Violation of Lanham Act, 15 U.S.C. 1125(a))

38.     JLM realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth in full herein.

39.     JLM's Trade Dress is entitled to protection because it is non-functional, inherently distinctive and/or it has acquired distinctiveness through secondary meaning.

40.     Defendant's use of the Infringing Trade Dress constitutes false designation of origin or sponsorship of Defendant's merchandise and services and tends to falsely represent that Defendant's merchandise and services originate from JLM or that Defendant's merchandise and services and/or Defendant have been sponsored, approved, or licensed by JLM or are in some way affiliated or connected with JLM.

6

41.     Defendant's conduct is likely to confuse, mislead and deceive retailers, customers, purchasers and members of the public as to the origin of Defendant's merchandise and services or cause said persons to believe that Defendant's merchandise and services and/or Defendant have been sponsored, approved, authorized or licensed by JLM or are in some way affiliated or connected with JLM, all in violation of 15 U.S.C. §1125(a).

42.     Upon information and belief, Defendant's conduct was and is willful and intentional.

43.     By reason of Defendant's conduct, JLM has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which JLM has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN
#### (Violation of Lanham Act, 15 U.S.C. 1125(a))

44.     JLM realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth in full herein.

45.     JLM's marks are entitled to protection.

46.     Defendant's use of the Infringing garments/designs constitutes false designation of origin or sponsorship of Defendant's merchandise and services and tends to falsely represent that Defendant's merchandise and services originate from JLM or that Defendant's merchandise and services and/or Defendants have been sponsored, approved, or licensed by JLM or are in some way affiliated or connected with JLM.

47.     Defendant's conduct is likely to confuse, mislead and deceive Defendant's customers, purchasers and members of the public as to the origin of Defendant's merchandise and services or cause said persons to believe that Defendant's merchandise and services and/or

7

Defendant have been sponsored, approved, authorized or licensed by JLM or are in some way affiliated or connected with JLM, all in violation of 15 U.S.C. § 1125(a).

48.     Upon information and belief, Defendant's conduct was and is willful and intentional.

49.     By reason of Defendant's conduct, JLM has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which JLM has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT
**(Violation of Lanham Act, 15 U.S.C. § 1125)**

50.     JLM realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth in full herein.

51.     The JLM Stripe constitutes a valid trademark and is inherently distinctive and/or has acquired distinctiveness through its use in commerce.

52.     Defendant's aforesaid use of the JLM Stripe is likely to cause confusion, mistake, or deception among customers and the public as to the source or origin of Defendant's merchandise and services, in that consumers are likely to believe that Defendant or their merchandise or services are legitimately connected with JLM.

53.     Defendant's use of virtually identical stripe infringes JLM's rights in its valid trademark in violation of the Lanham Act, 15 U.S.C. § 1125.

54.     Upon information and belief, Defendant's conduct was and is willful and intentional.

55.     By reason of Defendant's conduct, JLM has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which

JLM has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

56.    JLM realleges and incorporates all the preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim.

57.    Defendant's aforesaid conduct constitutes trademark infringement in violation of the law of the State of New York.

58.    Upon information and belief, Defendant's conduct was and is willful and intentional.

59.    By reason of Defendant's conduct, JLM has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which JLM has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### COMMON LAW TRADE DRESS INFRINGEMENT

60.    JLM realleges and incorporates all the preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim.

61.    Defendant's aforesaid conduct constitutes trade dress infringement in violation of the law of the State of New York.

62.    Upon information and belief, Defendant's conduct was and is willful and intentional.

63.    By reason of Defendant's conduct, JLM has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which JLM has no adequate remedy at law.

9

## SIXTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

64.     JLM realleges and incorporates all the preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim.

65.     Defendant's aforesaid conduct constitutes unfair competition in violation of the law of the State of New York.

66.     Upon information and belief, Defendant's conduct was and is willful and intentional.

67.     By reason of Defendant's conduct, JLM has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which JLM has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## INJURY TO BUSINESS REPUTATION AND DILUTION

68.     JLM realleges and incorporates all the preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim.

69.     JLM is the exclusive owner of the JLM/ Hayley Paige marks and Trade Dress throughout the United States, including in the State of New York.  JLM's marks and Trade dress are distinctive and capable of being diluted.

70.     By the conduct described above, Defendant has created and will continue to create a likelihood of injury to the public image and reputation of JLM, and to dilute the distinctive quality of JLM's Marks and Trade Dress, all in violation of, inter alia, New York General Business Law§ 360-1.

71.     Upon information and belief, Defendant's conduct was and is willful and intentional and done in bad faith.

72.      By reason of Defendant's conduct, JLM has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which JLM has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff JLM, Inc. prays that:

1.      Defendant and their affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, attorneys and persons, firms or corporation under their control or in active concert or participation with Defendant be permanently enjoined and restrained from:

(a)      directly or indirectly displaying, advertising, promoting, selling or offering for sale, licensing, supplying or otherwise distributing clothing or apparel of any kind, including but not limited to the *Milly* dress, using and any associated trade dress; confusingly similar to JLM's distinctive Decklyn gown;

(b)      directly or indirectly engaging in any conduct that tends to falsely represent that, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers and/or members of the public to believe that the actions of Defendant or Defendants are sponsored by, licensed by, or in any way affiliated or connected with JLM;

2.      Order the impounding for destruction of all copies or reproductions of any and all clothing, apparel, including but not limited to the Milly, and/or all advertising materials, labels, packages, signs, and all materials in Defendant's possession or under Defendant's control which contain the infringing marks or garments and Trade Dress or which contain other marks confusingly similar to any of JLM's marks and Trade Dress.

3.      Order an accounting of Defendant's profits gained as a result of their infringing activities and otherwise unlawful actions;

4.      Award JLM all profits received by Defendant from sales and revenues of any kind made as a result of their infringing activities and otherwise unlawful actions;

5.      Award JLM all damages sustained by JLM as a result of Defendant's acts of infringement in an amount to be proved at trial, and that such damages be trebled pursuant to, inter alia, 15 U.S.C. § 1117.

6.      Award JLM interest, costs and attorney's fees pursuant to, inter alia, 15 U.S.C. § 1117 and 17 U.S.C. § 505;

7.      Award JLM punitive damages for the intentional, willful and wanton nature of Defendant's acts;

8.      Order that Defendant files with this Court and serve upon JLM within thirty (30) days following this Court's injunction issued in this action, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction; and

9.      Award JLM such other and further relief as the Court deems just and proper.


Dated:  September 22, 2017
        Huntington, New York


                              CRACO & ELLSWORTH, LLP


                              By: _____
                                  Paul V. Craco
                                  7 High Street, Suite 200
                                  Huntington, NY 11743
                                  631.271.5000
                                  Counsel for Plaintiff JLM Couture, Inc.